IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JASON E. SHADDEN, <br><br> Defendant. | 8:23–CR–77 <br><br> **ORDER REGARDING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION** |

This matter is before the Court on the Findings and Recommendation submitted by the Magistrate Judge. Filing 48. No party has filed an objection to the Findings and Recommendation and the time for doing so has since expired. Having conducted a *de novo* review of the matter in accordance with 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has identified a discrepancy in the Indictment that warrants holding the matter in abeyance pending correction by the parties.

The sole Count of the Indictment alleges that on or about November 19, 2022, the Defendant committed the offense of being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Filing 1 at 1. One of these citations is correct; the other is not. Pursuant to the Bipartisan Safer Communities Act, 18 U.S.C. § 924 was materially revised effective June 25, 2022. *See* Pub. L. No. 117-159, 136 Stat. 1313, 1329 (2022). As part of these revisions, the portion of the statute ascribing the available penalties for violating 18 U.S.C. § 922(g) was moved from subparagraph (a)(2) to subparagraph (a)(8). *United States v. Conley*, 69 F.4th 519, 520 n.2 (8th Cir. 2023) ("The former 18 U.S.C. § 924(a)(2) has since been amended and recodified at § 924(a)(8)"). Thus, Count I of the Indictment alleges the wrong provision of the statute by citing 18 U.S.C. § 924(a)(2) rather than § 924(a)(8).

1

Although the Defendant was correctly advised as to the elements for the offense to which he was pleading guilty as well as the applicable penalties that applied under § 924(a)(8), the fact remains that the Indictment still incorrectly cites to § 924(a)(2).[1] Although one might argue that the Court could still accept the Defendant's guilty plea under these circumstances consistent with Fed. R. Crim. P. 7(c) and Fed. R. Crim. P. 11(b), the Court concludes that the more prudent course of action is to hold this matter in abeyance and allow the parties to take corrective action via interlineation of the Indictment if the Defendant so consents.[2]  Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation, Filing 48, is held in abeyance;

2. This matter will be addressed at the sentencing hearing presently scheduled for July 10, 2024, at 10:30 A.M.; and

3. This case shall provisionally proceed to sentencing.

Dated this 13th day of May, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[1] Offenses covered by 18 U.S.C. § 924(a)(2) are subject to a maximum term of 10 years' imprisonment. Offenses covered by 18 U.S.C. § 924(a)(8) are subject to a maximum term of 15 years' imprisonment. The Defendant is charged with violating 18 U.S.C. § 922(g)(3), which—as of June 25, 2022—is covered by 18 U.S.C. § 924(a)(8). *See* 18 U.S.C. § 924(a)(8) ("Whoever knowingly violates subsection (d) or (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both").

[2] *See* Fed. R. Crim. P. 7(c)(2) ("Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction"); *United States v. Buchanan*, 574 F.3d 554, 565–66 (8th Cir. 2009).